IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIAN SEBASTIAN SAM, | § | |
| TDCJ-CID NO. 1268719, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0747 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Texas state prisoner Darian Sebastian Sam has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). Sam challenges an aggravated robbery conviction and sixty-year sentence. State v. Sam, No. 940251 (182nd Dist. Ct., Harris County, Tex., Oct. 21, 2004).

Sam was originally charged with capital murder. See Sam v. State, No. 01-05-01037-CR, 2007 WL 1228487 (Tex. App. -- Houston [1st Dist.] Apr. 26, 2007). He then pleaded guilty to the lesser included offense of aggravated robbery, with no plea agreement regarding punishment. Id. Following a presentence investigation the trial court entered its judgment and sentence. The Court of Appeals for the First District of Texas affirmed the trial court's judgment and sentence on April 26, 2007. Id. No petition for discretionary review was filed.

Sam filed a state Application for Writ of Habeas Corpus in the 182nd District Court on May 19, 2008 (Docket Entry No. 1, at 3 ¶¶ 10-11).   Nearly ten months later Sam filed the pending federal petition for a writ of habeas corpus in this court.   The state habeas application, which contains claims presented in the federal petition, is still pending in the state courts.   Sam argues that the habeas petition before this court should be stayed until the issues raised in his state habeas application have been exhausted. He states that this is necessary because he would have only seven days to file a federal habeas petition after the Court of Appeals denies or dismisses his state habeas application.   (Docket Entry No. 3, at 2; see also 28 U.S.C. § 2244(d).)

Under 28 U.S.C. § 2254(b)(1) a habeas petitioner challenging the validity of his incarceration must exhaust available state remedies before seeking relief in the federal courts.   Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998); Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997).   Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or an application for writ of habeas corpus.   Nobles, 127 F.3d at 420, citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).   In Texas, the petitioner satisfies this requirement by presenting his claims to the Texas Court of Criminal Appeals.   See Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985).

-2-

The exhaustion requirement is based on the principle of comity, and state courts must be given a reasonable opportunity to correct any purported constitutional violations before a petitioner can present his claims for review by the federal courts. Coleman v. Thompson, 111 S.Ct. 2546, 2555 (1991); Picard, 92 S.Ct. at 512. A federal habeas petition that is filed while a state habeas application remains pending is subject to dismissal for failure to exhaust state remedies. See Deters v. Collins, 985 F.2d 789, 795-96 (5th Cir. 1993).

All habeas issues must be considered by the state courts before they are reviewed by the federal courts. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998), citing Rose v. Lundy, 102 S.Ct. 1198 (1982). As noted above, Sam waited until less than two weeks before the end of the one-year period before filing his state habeas application containing claims that are unexhausted. His decision to delay his pursuit of state remedies until it was almost too late does not warrant any extraordinary action on the part of the federal courts. See Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999). See also United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (attorney error or neglect does not justify equitable tolling), citing Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002). A federal court may dismiss a habeas petition brought under section 2254 instead of granting a stay in the proceedings where the petition contains unexhausted claims. Brewer v. Johnson,

-3-

139 F.3d 491, 493 (5th Cir. 1998). <u>See also</u>, <u>Graham v. Johnson</u>, 168 F.3d 762, 777 (5th Cir. 1999), <u>citing</u> <u>Brewer</u>.

After complying with the exhaustion requirements, Sam may refile the petition without first obtaining permission from the United States Court of Appeals for the Fifth Circuit because it would not be considered "successive" under the provisions of 28 U.S.C. § 2244(b). <u>Alexander v. Johnson</u>, 163 F.3d 906, 909 (5th Cir. 1998), <u>citing</u> <u>In re Gasery</u>, 116 F.3d 1051 (5th Cir. 1997).

Accordingly, this action will be dismissed without prejudice for Sam's failure to present all of his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

Should Sam file a notice of appeal challenging the dismissal of this action, this court will deny the issuance of a certificate of appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; <u>Whitehead</u>, 157 F.3d at 386. <u>See also</u> <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997).

## <u>Conclusion</u>

The court **ORDERS** the following:

1.  The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED** because the petitioner has adequate funds to pay the $5.00 filing fee.

2.  The Motion to Stay and Abate (Docket Entry No. 3) is **DENIED**.

-4-

3.   Sam's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 25th day of March, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE